IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KAREN L. DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )  1:11cv01282 (JCC/TCB) |
| | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| | ) |
|     Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Navy Federal Credit Union's ("Defendant" or "Navy Federal") Motion to Dismiss [Dkt. 6] (the "Motion"). For the following reasons, the Court will grant Defendant's Motion.

**I. Background**

Plaintiff Karen Davis is a former employee of Navy Federal whose employment was terminated in December 2008. (*See* Compl. [Dkt. 1-1] at 19-20.)[1] Davis filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Fairfax County Human Rights Commission, on January 4, 2009, alleging racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621,

---

[1] The Complaint does not contain numbered paragraphs. As a result, citations to the Complaint are to the relevant page number.

1

*et seq*. ("ADEA").  (*See* Defendant's Memorandum in Support ("Mem.") Ex. 1 [Dkt. 14-1].)  The EEOC sent Davis a Dismissal and Notice of Rights Letter (the "right-to-sue letter") on June 30, 2011, stating that it was "unable to conclude that the information obtained establishes violations of the statutes." (*See* Mem. Ex. 2 [Dkt. 14-2].)  The right-to-sue letter provided that Plaintiff must file suit against Defendant in federal or state court "within 90 days" of receipt of the letter.  (*Id.*)

Davis, proceeding *pro se*, filed suit against Navy Federal in Fairfax County Circuit Court on October 17, 2011. [Dkt. 1-1.]  The Complaint was served on Navy Federal on November 2, 2011 [Dkt. 1-1], and the case was timely removed to this Court on November 23, 2011 [Dkt. 1].

In the Complaint, Davis states that she is a foster parent for a child with mental disabilities and health issues. (Compl. at 1.)  She contends that she was frequently absent from work so that she could care for her child, but that these absences were covered by the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.[2]  (*See id*.)  Davis alleges that Navy Federal violated the FMLA by giving her unfavorable performance evaluations and otherwise treating her unequally.[3]  (Compl. at 2,

---

[2] The FMLA authorizes qualified employees to take up to twelve weeks of unpaid leave annually for qualifying medical or family reasons, including foster care for a child and care for a child with a serious health condition.  29 U.S.C. §§ 2612(a)(1)(B)-(C).

[3] Davis does not specify whether she is asserting an interference claim or a retaliation claim under the FMLA.  *See Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623, 633 n.3 (D.S.C. 2010) (recognizing these two types of

4, 7.) Davis also alleges that Navy Federal engaged in retaliation and discrimination on the basis of her age, race, and religious beliefs.[4] (Compl. at 17-18.)

On November 29, 2011, Navy Federal filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Dkt. 6.] A proper *Roseboro* notice [Dkt. 8] accompanied the Motion. *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). Davis responded with a "Motion to Cease Dismiss" and Memorandum in Support on December 19, 2011, which together the Court shall construe as an opposition. [Dkts. 10-11.] Navy Federal filed its reply on December 22, 2011. [Dkt. 13.] Davis failed to attend oral argument on January 6, 2012. Defendant's Motion is before the Court.

## II. Standard of Review

### A. Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the

---

claims under the FMLA). Based on the allegations in the Complaint (*see, e.g.,* Compl. at 6), the Court interprets Davis' FMLA claim as a retaliation claim, in which she asserts that her employer discriminated against her because she engaged in activity protected by the statute. *See Gleaton*, 719 F. Supp. 2d at 633 n.3.

[4] Davis does not state in the Complaint that her claims of race, age, and religious discrimination and retaliation arise under Title VII and the ADEA. However, her EEOC charge states that she is proceeding under these statutes. (*See* Mem. Ex. 1.) Davis also does not dispute that that her claims are premised on Title VII and the ADEA in her opposition. The Court will therefore construe Davis' claims accordingly.

complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment") (citations omitted).

In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697

F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

B. <u>Failure to State a Claim</u>

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion tests the legal sufficiency of the complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing a complaint on a 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).

A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted).

5

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50.

In reviewing a motion to dismiss, the Court may consider not only allegations in the Complaint but also documents attached to the Motion to Dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted). Defendant attaches the EEOC charge and right-to-sue letter to its Motion to Dismiss –- neither of which is attached to the Complaint. Plaintiff does not dispute the authenticity of the charge or the right-to-sue letter, which are integral to

6

the Complaint's administrative history. *See Cohen v. Sheehy Honda of Alexandria, Inc.*, No. 1:06cv441, 2006 WL 1720679, at *2 (E.D. Va. June 19, 2006) (finding charge of discrimination integral to complaint, as plaintiff "would have been unable to file a civil action without first filing such a charge with the EEOC"); *see also Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) (plaintiffs' EEOC filings were integral to the complaint because plaintiffs relied on the filings to satisfy time limit requirements), *aff'd* 552 U.S. 389 (2008). Moreover, the charge and right-to-sue letter are public documents of which the Court may take judicial notice. *See Briggs v. T & D Plumbing & Heating Co., Inc.*, No. WDQ-10-2714, 2011 WL 3798227, at *4 n.18 (D. Md. Aug. 24, 2011). Thus, the Court may consider these documents without converting Defendant's motion into one for summary judgment.

    C.    *Pro Se* Plaintiff

The Court construes the *pro se* filings in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. Sept. 15,

1999) (unpublished) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

Navy Federal argues that Davis is administratively barred from raising a claim of religious discrimination because she failed to assert it in her EEOC charge. In addition, Navy Federal argues that Davis' Title VII and ADEA claims are untimely because the Complaint was not filed within ninety days of Davis' receipt of the right-to-sue letter. Lastly, Navy Federal argues that Davis' FMLA claim is barred by the statute of limitations.[5] The Court will address each argument in turn.[6]

---

[5] Navy Federal also argues that Davis fails to state plausible claims for relief. Because the Court concludes that Davis' claim for religious discrimination is administratively barred and that her remaining claims are untimely, it need not reach this issue.

[6] In the Fourth Circuit, the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a Title VII claim. *See Bland v. Fairfax Cnty., Va.*, No. 1:10cv1030, 2011 WL 2580343, at *3-4 (E.D. Va. June 29, 2011) (citing *Davis v. N.C. Dep't of Corrections*, 48 F.3d 134, 140 (4th Cir. 1995)). The timeliness of Davis' claims, however, is not jurisdictional and is properly considered under Rule 12(b)(6). *See Druitt v. College of William & Mary, Williamsburg Area Transport Co.*, No. 4:04-CV-00128, 2005 WL 3845103, at *5 (E.D. Va. Feb. 23, 2005) ("[T]he limitation period for Title

A. Title VII and ADEA Claims

1. Exhaustion of Administrative Remedies

Before filing suit under Title VII, a plaintiff must exhaust his or her administrative remedies by filing a charge with the EEOC. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (citation omitted). The scope of the plaintiff's right to file suit is determined by the contents of the EEOC charge. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citation omitted). The plaintiff's lawsuit can advance only the claims stated in the EEOC charge, claims reasonably related to those stated in the charge, and those developed by a reasonable investigation of the charge. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). "The exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc*., 429 F.3d 480, 491 (4th Cir. 2005).

Navy Federal argues that Davis' claim of religious discrimination is administratively barred because it was not asserted in the EEOC charge of discrimination. The Court agrees. The charge makes no mention of religious discrimination. (*See* Mem. Ex. 1.) Rather, Davis only checked

---

VII cases is not jurisdictional."), *aff'd* 142 F. App'x 179 (4th Cir. 2005) (unpublished). Accordingly, the Court commences by analyzing exhaustion, as jurisdictional questions are to be addressed before proceeding to other issues. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).

9

boxes for "race," "age," and "retaliation." (*See id.*) The narrative section of the charge likewise fails to allege religious discrimination. (*See id*.) Davis' failure to raise such allegations in her charge is fatal to her ability to bring a claim of religious discrimination in this case. *See Jones*, 551 F.3d at 300 ("[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex."); *Miles*, 429 F.3d at 491-92 (retaliation claim was not reasonably related to sex and pregnancy discrimination claims alleged in EEOC charge); *Bryant*, 288 F.3d at 132–33 (EEOC charge alleging race discrimination would not reasonably lead to investigation of retaliation and color and sex discrimination).

     Davis contends that she raised a claim of religious discrimination against Navy Federal, and that the EEOC investigated this claim. To support this assertion, Davis submits a transcript of a telephone conversation she had with an EEOC official, which indicates that the EEOC "look[ed] into" religious discrimination but was "unable to find evidence that [Davis] w[as] discriminated against based on [her] religion." (*See* Opp. Ex. 2 [Dkt. 11-2] at 7.) This document may not be considered, however, as it is unauthenticated and unsworn. *See Frazier v. Dep't of Juvenile Servs.*, No. JFM–10–843, 2011 WL

5592890, at \*4, \*6 (D. Md. Nov. 15, 2011) (excluding private communications between plaintiff and EEOC officials and finding disparate treatment claim administratively barred); *see also Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("[U]nsworn, unauthenticated documents cannot be considered . . . ."). The e-mails and other documents Davis attaches to her opposition do not evidence a religious discrimination claim or demonstrate that Navy Federal had notice of such a claim. (*See generally* Opp. Ex. 1 [Dkt. 11-1].) In short, Davis fails to establish that her religious discrimination claim is reasonably related to those stated in the EEOC charge or developed by a reasonable investigation thereof. Accordingly, the religious discrimination claim is dismissed without prejudice due to Davis' failure to exhaust administrative remedies.

### 2. Timeliness

Title VII and the ADEA require a plaintiff to file his or her complaint within ninety days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). This ninety-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the ninety-day period will be dismissed. *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-93 (1982)).

In this case, the EEOC mailed the right-to-sue letter to Davis on June 30, 2011. (*See* Mem. Ex. 2.) Davis claims in her opposition that she received the right-to-sue letter on July 19, 2011, and that her Title VII and ADEA claims are therefore timely. The only evidence Davis offers in support of this assertion is the aforementioned transcript, which, as discussed above, may not be considered.[7] In the Fourth Circuit, the actual receipt of the right-to-sue letter is not required to trigger the ninety-day limitations period because requiring such would allow some plaintiffs to have "open-ended time extension, subject to manipulation at will." *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (citation omitted) (holding that the limitations period was triggered when claimant received her notice that she could pick up a letter at the post office, not when she actually picked up the letter); *see also Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that the limitations period was triggered when claimant's wife received and signed for the right-to-sue letter on behalf of the plaintiff, not when the plaintiff actually received the letter from his wife).

When the date that a plaintiff received actual notice of his or her right to sue is disputed or unknown, as in this case, Federal Rule of Civil Procedure 6(d) creates the

---

[7] In any event, Davis does not state in the transcript that she received the right-to-sue letter on July 19, 2011, or otherwise explain the delay between the date of its issuance and the date she claims to have received it.

presumption that notice was received three days after it was mailed. *See Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007); *see also Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished) (finding that when the date on which the right-to-sue letter was actually delivered is in dispute, the letter is presumed to have been delivered three days after it was mailed); *Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999) (recognizing in the context of a Title VII case the presumption created by Rule 6[(d)] that the right to sue letter was received three days after it was mailed). Applying the three-day rule, the Court finds that the ninety-day limitations period was triggered on July 5, 2011.[8] Thus, Davis' last day to bring her Title VII and ADEA claims was October 3, 2011. Because Davis did not file her Complaint until October 17, 2011, her claims for retaliation and race and age discrimination are untimely and are dismissed with prejudice.[9]

---

[8] Three days from June 30, 2011, is July 3, 2011. However, because July 3, 2011 was a Sunday and July 4, 2011 was a legal holiday, July 5, 2011 is the date Davis is presumed to have received the right-to-sue letter. *See* Fed. R. Civ. P. 6(a)(1)(C); *see also Blackwell v. Gen. Dynamics Land Sys., Inc.*, No. 1:10cv110, 2010 WL 2639829, at *4 (E.D. Va. June 28, 2010) (applying three-day rule before applying ninety-day limitations period).
[9] Davis does not argue that her Title VII and ADEA claims should be subject to equitable tolling. Equitable tolling is generally allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). Davis did not file a defective pleading within the limitations period, nor has she presented evidence that Navy Federal engaged in misconduct that caused her to miss the filing deadline. Moreover, even if Davis did not receive the right-to-sue letter until July 19, 2011, she had

B.  FMLA Claim

Generally, FMLA claims are subject to a two-year statute of limitations.  29 U.S.C. § 2617(c)(1).  If the alleged violation is willful, the limitations period is extended to three years.  *Id.* § 2617(c)(2).  In both instances, the limitations period begins after the date of the last event constituting the alleged violation.  *Id.* §§ 2617(c)(1)-(2).

A willful violation of the FMLA exists "when an employer knew or showed reckless disregard regarding whether its conduct was prohibited."  *Settle v. S.W. Rodgers Co., Inc.*, 182 F.3d 909, 1999 WL 486643, at *3 (4th Cir. July 12, 1999) (unpublished).  To prove a willful violation, a plaintiff must demonstrate more than mere negligence.  *See id.* at *3-4.  Where a plaintiff "sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period."  *Settle v. S.W. Rodgers, Co., Inc.*, 998 F. Supp. 657, 664 (E.D. Va. 1998), *aff'd* 182 F.3d 909 (4th Cir. 1999).

Here, the last event constituting an alleged FMLA violation occurred when Davis' employment was terminated in December 2008.  Davis did not file her Complaint until October 2011 -- two years and ten months later.  Thus, Davis' FMLA claim

---

seventy-six days to timely file this action.  Davis makes no showing that she had insufficient time to bring suit.  *See Beale*, 36 F. Supp. 2d at 705 (equitable tolling inappropriate where plaintiff had sixty days to file complaint).  For these reasons, the Court concludes that equitable tolling is inappropriate in this case.

14

is untimely unless she adequately alleges that Navy Federal willfully violated the statute. Davis does not allege a willful violation of the FMLA, nor do the factual allegations in the complaint support such an inference. Indeed, Davis alleges that she received negative performance evaluations due to her absences and late arrivals, but also that she was invited to submit rebuttals (Compl. at 1) and that the negative evaluations were, in part, due to lost and misplaced information (Compl. at 2, 5). These allegations may suggest negligence, but undermine an inference of willfulness. As such, a two-year statute of limitations applies to Davis' FMLA claim as pled, rendering it untimely. Because Davis may cure this deficiency by filing an amended complaint which pleads willfulness and supporting factual allegations, dismissal is without prejudice.

### IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.

|  |  |
|---|---|
| January 10, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |