IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KAREN L. DAVIS, )<br>    Plaintiff, )<br>        v. )<br>NAVY FEDERAL CREDIT UNION, )<br>    Defendant. ) | 1:11cv01282 (JCC/TCB) |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Navy Federal Credit Union's ("Defendant" or "Navy Federal") Motion to Dismiss [Dkt. 24] (the "Motion"). For the following reasons, the Court will grant Defendant's Motion.

### I. Background

The basic facts of this case are recounted in the Court's Memorandum Opinion dated January 10, 2012, familiarity with which is presumed.

Plaintiff Karen Davis is a former employee of Navy Federal, whose employment was terminated in December 2008. Davis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Fairfax County Human Rights Commission, on January 4, 2009, alleging racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

1

2000e, *et seq.*, and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*. Davis, proceeding *pro se*, filed suit against Navy Federal in Fairfax County Circuit Court on October 17, 2011. [Dkt. 1-1.] The complaint was served on Navy Federal on November 2, 2011 [Dkt. 1-1], and the case was timely removed to this Court on November 23, 2011 [Dkt. 1].

The Court dismissed the complaint on January 10, 2012. [Dkt. 18.] The Court held that the Title VII religious discrimination claim was administratively barred, that the Title VII race discrimination and retaliation claims and ADEA claim were time-barred, and that the FMLA claim was time-barred as pled because of Plaintiff's failure to allege a willful violation of the FMLA. [Dkt. 17.] The Court granted Plaintiff leave to amend so she could plead that the alleged FMLA violations were willful if supported by the pertinent facts. [Dkts. 17, 18.]

Davis filed an Amended Complaint on February 2, 2012. [Dkt. 23.] On February 10, 2012, Navy Federal filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Dkt. 24.] A proper *Roseboro* notice [Dkt. 26] accompanied the Motion. *See Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir. 1975). Davis filed a "Motion to Cease to Dismiss" on March 1, 2012, which the Court construes as an opposition.

[Dkt. 28.] Navy Federal filed a reply on March 7, 2012. [Dkt. 29.] Defendant's Motion is before the Court.

## II. Standard of Review

### A. Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*,

370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment") (citations omitted).

In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

B.  Failure to State a Claim

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion tests the legal sufficiency of the complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing a complaint on a 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).

A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50.

5

C.  *Pro Se* Plaintiff

The Court construes the *pro se* filings in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99–6304, 1999 WL 717280, at *1 (4th Cir. Sept. 15, 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

Navy Federal argues that Davis' claim of religious discrimination is administratively barred because she failed to assert it in her EEOC charge. Navy Federal also argues that Davis' Title VII race discrimination and retaliation claims and ADEA claim should be dismissed on *res judicata* grounds. Lastly,

Navy Federal argues that Davis fails to allege a willful violation of the FMLA, and that her FMLA claim is therefore barred by the statute of limitations. The Court will address each argument in turn.

> A. <u>Title VII and ADEA Claims</u>
>
> > 1. <u>Exhaustion of Administrative Remedies</u>

In its January 10, 2012 Memorandum Opinion, the Court dismissed Davis' religious discrimination claim without prejudice because Davis failed to exhaust her administrative remedies. (Mem. Op. [Dkt. 17] at 9.) In her Amended Complaint, Davis recycles the arguments made in her opposition to Navy Federal's original motion to dismiss -- arguments which this Court has previously considered and rejected.

A plaintiff's lawsuit can advance only the claims stated in the EEOC charge, claims reasonably related to those stated in the charge, and those developed by a reasonable investigation of the charge. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Davis did not assert a religious discrimination claim in her EEOC charge, nor is such a claim reasonably related to her claims of race and age discrimination and retaliation. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal

7

litigation claim alleges discrimination on a separate basis, such as sex."); *Miles v. Dell, Inc.*, 429 F.3d 480, 491-92 (4th Cir. 2005) (retaliation claim was not reasonably related to sex and pregnancy discrimination claims alleged in EEOC charge); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002) (EEOC charge alleging race discrimination would not reasonably lead to investigation of retaliation and color and sex discrimination).

Davis again contends that after filing her EEOC charge she communicated with the EEOC about a religious discrimination claim. She submits letter and e-mail communications with an EEOC official which touch on allegations of religious discrimination as exhibits to her Amended Complaint. (*See* Am. Compl. Exs. 5, 7.) These *ex post* communications do not, however, demonstrate that an investigation of religious discrimination commenced based on the contents of the EEOC charge. *See Bryant*, 288 F.3d at 132 (noting that scope of lawsuit is confined by scope of investigation "that can reasonably be expected to follow the charge of discrimination"). Nor do they indicate that Navy Federal was "put on notice of the alleged violation[] so that the matter could be resolved out of court if possible." *See Miles*, 429 F.3d at 491. Accordingly,

the Court holds that Davis' religious discrimination claim is administratively barred.[1]

The Court previously dismissed Davis' religious discrimination claim without prejudice. (Mem. Op. at 11.) Navy Federal argues that dismissal should be with prejudice, as further amendment of Davis' complaint would be futile. As Navy Federal points out, Davis was required to file her EEOC charge within 300 days of the alleged unlawful employment practice, *see* 42 U.S.C. § 2000e-5(e)(1); *Jones*, 551 F.3d at 300, and more than 300 days have elapsed since Davis' termination. However, the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a Title VII claim, *Bland v. Fairfax Cnty., Va.*, No. 1:10cv1030, 2011 WL 2580343, at *3-4 (E.D. Va. June 29, 2011) (citing *Davis v. N.C. Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995)), and a dismissal for lack of subject matter jurisdiction must be without prejudice, *Patterson v. State Bureau of Investigation*, 92 F. App'x 38, 39 (4th Cir. 2004) (unpublished) (citing *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219, 222 (4th Cir. 2001); Fed. R. Civ. P. 41(b)). Thus, while Navy Federal is correct that amendment would be futile and that leave to amend should be denied, Davis'

---

[1] In any event, even were the Court to conclude that investigation of a religious discrimination claim could reasonably be expected to follow from Davis' EEOC charge, such a claim would still be subject to dismissal on timeliness grounds. (*See* Mem. Op. at 11-13 (dismissing Davis' Title VII race and retaliation claims and ADEA claim as untimely because Davis failed to file suit within ninety days of the date she is presumed to have received her right-to-sue letter).)

9

religious discrimination claim must nevertheless be dismissed without prejudice.

That said, there may be no practical distinction between a dismissal without prejudice and a dismissal with prejudice under these circumstances. If Davis were to file a fresh EEOC charge encompassing a religious discrimination claim and then attempt to pursue it in federal court, that claim would likely be dismissed with prejudice on timeliness grounds given the 300-day time limit noted above. That does not change the fact, however, that dismissal of Davis' religious discrimination claim is for lack of subject matter jurisdiction and therefore must be without prejudice.

### 2. *Res Judicata*

The Court previously dismissed Davis' Title VII race discrimination and retaliation claims and ADEA claim with prejudice on timeliness grounds. (Mem. Op. at 11-13.) Specifically, the Court found that Davis failed to file her complaint within ninety days of the date she is deemed to have received her right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Dismissal was pursuant to Federal Rule of Civil Procedure 12(b)(6). Navy Federal argues that Davis is barred from re-litigating these claims by the doctrine of *res judicata*.

The doctrine of *res judicata*, or specifically claim preclusion, "bars a plaintiff from asserting claims brought in a prior lawsuit if: (1) there was a former judgment that is both final and on the merits; (2) the parties in the former litigation and the present litigation are the same; and (3) the causes of action are the same." *Adkins v. Fairfax Cnty. Sch. Bd.*, No. 1:08cv91, 2008 WL 2076654, at *3 (E.D. Va. May 15, 2008) (citing *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)).

Under Federal Rule of Civil Procedure 41(b), unless the dismissal order states otherwise, a dismissal other than one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). As such, a Rule 12(b)(6) dismissal for failure to state a claim is an adjudication on the merits. *See Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000). Therefore, the first prong of the *res judicata* test is satisfied. The parties and causes of action are, of course, the same as before, and thus the second and third prongs are satisfied as well. Accordingly, Davis' Title VII race discrimination and retaliation claims and ADEA claim are barred by the doctrine of *res judicata*. Davis may not attempt to resuscitate these claims by amending her complaint.

B.  FMLA Claim

In its January 10, 2012 Memorandum Opinion, the Court dismissed Davis' FMLA claim without prejudice.  Generally, FMLA claims are subject to a two-year statute of limitations.  29 U.S.C. § 2617(c)(1).  If the alleged violation is willful, the limitations period is extended to three years.  *Id.* § 2617(c)(2).  Here, the last alleged FMLA violation is Davis' termination in December 2008.  Davis did not file her original complaint until two years and ten months later.  Thus Davis' FMLA claim is untimely unless she alleges willfulness -- something she previously failed to do.  The Court granted Davis leave to amend so she could correct this deficiency, if a showing of willfulness was supported by the relevant facts.

A willful violation of the FMLA exists "when an employer knew or showed reckless disregard regarding whether its conduct was prohibited." *Settle v. S.W. Rodgers Co., Inc.*, 182 F.3d 909, 1999 WL 486643, at *3 (4th Cir. July 12, 1999) (unpublished table decision).  Where a plaintiff "sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period." *Settle v. S.W. Rodgers, Co., Inc.*, 998 F. Supp. 657, 664 (E.D. Va. 1998), *aff'd* 182 F.3d 909 (4th Cir. 1999).

Once again, Davis fails to allege willfulness or facts that support a violation of the FMLA. As best the Court can discern, Davis' allegations in support of her FMLA claim are as follows: (1) Navy Federal lost vital information relevant to her FMLA leave; (2) on one occasion, Davis' children were unable to contact her at work; (3) Davis' supervisor hung up on a social worker who called concerning one of Davis' children; (4) Navy Federal did not accurately track Davis' usage of FMLA leave and improperly calculated her leave balance; and (5) Davis received negative performance evaluations concerning her dependability. As before, it is unclear whether Davis' claim is that Navy Federal interfered with her FMLA rights or retaliated against her for exercising her rights under the FMLA. Either way, these allegations fail to support the inference that Navy Federal willfully violated the FMLA. As such, Davis' FMLA claim is untimely and must be dismissed. *See Rodgers v. Data Transmission Network*, No. 8:10CV46, 2011 WL 1134670, at *4 (D. Neb. Mar. 25, 2011) (dismissing FMLA claim as untimely because plaintiff failed to allege willfulness and facts alleged did not support such an inference). Also fatal to the FMLA claim is Davis' failure to allege that she was an "eligible employee" under the FMLA or that Navy Federal was an "employer" within the meaning of the FMLA. *See Adams v. High Purity Sys., Inc.*, No. 1:09cv354, 2009 WL 2391939, at *8 (E.D. Va. July 2, 2009), *aff'd*

382 F. App'x 269 (4th Cir. 2010) (unpublished).  Because Davis was given the opportunity to amend her complaint but still fails to state a viable FMLA claim, Davis' FMLA claim is dismissed with prejudice.

### IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.

 

 

|  |  |
|---|---|
|  | /s/ |
| March 20, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |